FILED

# UNITED STATES DISTRICT COURT

for the 2025 MAY 27 PM 2: 44

Middle District of Tennessee U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

_____ Division

|  |  |
|---|---|
| Michael R. Wolf | Case No. 3:25-cv-0589 (FC) |
| | (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☑Yes ☐No |
| -v- | |
| J.P. Morgan Chase Bank N.A. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Michael R. Wolf |
| Street Address | 7231 Althorp Way Apt R3 |
| City and County | City of Nashville, County of Davidson |
| State and Zip Code | Tennessee 37211 |
| Telephone Number | (810) 893-0042 |
| E-mail Address | Wolfskey.comedy@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

Name                                 J.P. Morgan Chase Bank N.A.

Job or Title *(if known)*

Street Address                       270 Park Avenue

City and County                      City of New York, County of New York

State and Zip Code                   New York, 10017

Telephone Number                     (212) 270-6000

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | J.P. Morgan Chase Bank N.A. |
| Street Address | 43100 Grand River Ave |
| City and County | City of Novi, County of Oakland |
| State and Zip Code | Michigan 48375 |
| Telephone Number | (248) 349-2426 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Harassment/Toxic Work Environment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

The alleged acts began on or about September 2019 and persisted regularly until February 2023

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  Major Depressive Disorder, PTSD, Generalized Anxiety, Panic Attack Disorder, ADHD

E. The facts of my case are as follows. Attach additional pages if needed.

Please reference attached charge(s) documentation from the EEOC for expanded support for this claim.

Plaintiff became an employee for the Defendant on/about January 07, 2019. Plaintiff has documented history of mental health disabilities. In/about June 2022 Plaintiff requested workplace accommodation to ease symptoms associated with his disabilities. Plaintiff requested to utilize a permanently vacant and enclosed office space 1-2 days per week to complete outbound client contacts, a critical component to the job role occupied by the Plaintiff. Defendant granted accommodation for a short amount of time (less

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/12/2023

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☑     issued a Notice of Right to Sue letter, which I received on *(date)*     02/28/2025     .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

To remedy the alleged illegal conduct, Plaintiff outlines the following for relief:

1. Individual, formal apologies provided by the Defendant, and the three employees for the Defendant who directly engaged in the outlined misconduct, for their role(s) of involvement/liability in the events and damaging impact alleged by the Plaintiff.
2. As a result of the egregiousness of the Defendant's actions combining all damages allowable, total damages calculated for relief are $137,672,176.40.
3. This is deduced by combining the multiple calculated non-punitive damages (which includes, but is not limited

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      April 10, 2025

Signature of Plaintiff

Printed Name of Plaintiff    Michael R. Wolf

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print    Save As...    Add Attachment    Reset

## Section III: Statement of Claim

**E.** The facts of my case are as follows:

Please reference attached charge(s) documentation from the EEOC for expanded support for this claim.

Plaintiff became an employee for the Defendant on/about January 07, 2019. Plaintiff has documented history of mental health disabilities. In/about June 2022 Plaintiff requested workplace accommodation to ease symptoms associated with his disabilities. Plaintiff requested to utilize a permanently vacant and enclosed office space 1-2 days per week to complete outbound client contacts, a critical component to the job role occupied by the Plaintiff. Defendant granted accommodation for a short amount of time (less than 30 days). Defendant then retaliated against the Plaintiff by terminating the accommodation without any discussion of perceived hardship and refused to discuss any alternative options with the Plaintiff stating it is unfair to allow the Plaintiff to use an enclosed office space regularly, when his peers could not. This action exposed the Plaintiff to imminent danger as he was forced to re-enter and endure a toxic working environment (senior management was aware of and continuously refused to address the toxic working environment) without accommodation for his disabilities, which were known by the Defendant. On/about January 2023, Plaintiff submitted formal complaint regarding these matters and his fears for his safety, to Human Resources after informing his supervisor of his intent to do so. Days after submitting the complaint, Plaintiff was again retaliated against by being placed on mandatory leave pending an internal investigation for alleged incident(s) of policy violations from several weeks prior. Plaintiff was given little to no communication regarding the investigation brought against him in addition to the investigation Plaintiff created with his complaint to HR. As such, he was left with no reasonable alternative but to resign from his position with the Defendant on/about February 20, 2023.

## Section V: Relief

To remedy the alleged illegal conduct, Plaintiff outlines the following for relief:

1. Individual, formal apologies provided by the Defendant, and the three employees for the Defendant who directly engaged in the outlined misconduct for their role(s) of involvement/liability, in the events and damaging impact alleged by the Plaintiff.
2. As a result of the egregiousness of the Defendant's actions combining all damages allowable, total damages calculated for relief are $137,672,176.40.
3. This is deduced by combining the multiple calculated non-punitive damages (which includes, but is not limited to: annual salary, bonuses, retirement assets, medical costs, etc.) totaling $37,672,176.40. Added to the punitive damages, which historically are awarded involving similar cases of alleged blatant, egregious violation(s) such as this case brought forward by the Plaintiff. Thereby providing the Punitive damages total of $100,000,000.00.

4. The damages awarded to the plaintiff will also include applicable court costs, lawyer(s) fees, and all other costs associated with this civil process which may be unknown/determined and/or adjusted throughout the duration of these proceedings, allowable by applicable law.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/28/2025

**To:** Michael R. Wolf
7231 Althorp Way Apt R3
Nashville, TN 37211
Charge No: 471-2023-02635

EEOC Representative and email:  LARRY COOPER
Investigator
larry.cooper@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 471-2023-02635.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
02/28/2025

Ramiro Gutierrez
Director

**Cc:**
Amy Bennett
Ogletree Deakins Nash Smoak & Stewart, P.C.
300 N MERIDIAN ST STE 2700
Indianapolis, IN 46204

Rhonda Nabors
Ogletree Deakins Nash Smoak & Stewart, P.C.
420 20TH ST N STE 1900
Birmingham, AL 35203

Katie Bayt
Ogletree Deakins Nash Smoak & Stewart, P.C.
300 N MERIDIAN ST STE 2700
Indianapolis, IN 46204

Please retain this notice for your records.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASVHILLE DIVISION

MICHAEL R. WOLF,

*Plaintiff,*

JP MORGAN CHASE BANK, N.A.,

*Defendant.*

3:25-cv-0589 (Kc)

**Case No.:** [To be provided]

**COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Michael R. Wolf ("Plaintiff"), representing hereby files this Complaint against Defendant JP Morgan Chase Bank, N.A. ("Defendant" or "Chase"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for declaratory, injunctive, and monetary relief arising from Defendant's violations of the [Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.] (the "ADA").

2. Plaintiff, a qualified individual with a disability, was employed by Defendant as a Private Client Banker. Plaintiff requested multiple reasonable accommodations in the form of a modified work schedule, which Defendant initially approved but later revoked without justification. Following the revocation of these accommodations, Plaintiff was subjected to a hostile work environment, negative performance reviews, and disciplinary actions, ultimately leading to Plaintiff's constructive discharge.

3. Defendant's actions and omissions constitute unlawful discrimination on the basis of disability in violation of the ADA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to [28 U.S.C. § 1331], as this action arises under the laws of the United States, specifically the ADA, 42 U.S.C. § 12101, et seq.

**Page 1**

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to [28 U.S.C. § 1367(a)], as these claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to [28 U.S.C. § 1391(b)] because a substantial part of the events or omissions giving rise to the claims are within this Court's enforcement jurisdiction, and because Defendant conducts business within this District.

## PARTIES

7. Plaintiff is an individual residing in the Middle District of Tennessee. At all relevant times, Plaintiff was employed by Defendant as a Private Client Banker at Defendant's branch office located at 43100 Grand River Ave., Novi, Michigan 48375.

8. Defendant JP Morgan Chase Bank, N.A. is a national banking association with its principal place of business located at 270 Park Avenue, New York, New York 10017. Defendant operates numerous branch offices throughout the United States, including the branch office in Novi, Michigan where Plaintiff was employed.

9. At all relevant times, Defendant was an "employer" within the meaning of the ADA, [42 U.S.C. § 12111(5)], as it engaged in an industry affecting commerce and employed more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff has satisfied all administrative prerequisites to filing this action.

12. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination in violation of the ADA.

13. On February 28, 2025, the EEOC issued Plaintiff a Notice of Right to Sue.

14. Plaintiff has filed this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment with Defendant

15. Plaintiff began his employment with Defendant more than one year prior to requesting accommodations for his disability.

16. At all relevant times, Plaintiff was employed as a Private Client Banker at Defendant's branch office located at 43100 Grand River Ave., Novi, Michigan 48375.

17. Throughout his employment with Defendant, Plaintiff performed his job duties in a satisfactory manner and met or exceeded Defendant's legitimate expectations.

### Plaintiff's Disability and Request for Accommodation

18. Plaintiff is a qualified individual with a disability within the meaning of the ADA, [42 U.S.C. § 12102].

19. Plaintiff's disability substantially limits one or more major life activities, including but not limited to working.

20. Despite his disability, Plaintiff was able to perform the essential functions of his position as a Private Client Banker with reasonable accommodations.

21. In late May or early June 2022, Plaintiff requested reasonable accommodations in the form of a modified work schedule or leave time to accommodate his disability.

22. Plaintiff made his request(s) for accommodations to multiple parties, including his supervisor, Michelle Poulos, and Defendant's Human Resources department.

23. Defendant initially approved Plaintiff's requested accommodations.

24. At no time did Defendant request medical documentation from Plaintiff to support his need for accommodations.

**Defendant's Revocation of Accommodations and Subsequent Discrimination**

25. In late June 2022, without justification or explanation, Defendant revoked the previously approved accommodations.

26. Defendant did not engage in any interactive process with Plaintiff to determine whether alternative accommodations could be provided.

27. Defendant did not offer any alternative accommodations to Plaintiff.

28. Following the revocation of his accommodations, Plaintiff was subjected to a hostile work environment on a nearly daily basis.

29. Plaintiff was subjected to disciplinary actions after requesting accommodations, despite having previously received positive performance evaluations.

30. On January 24, 2023, Plaintiff filed a formal complaint with Defendant's Human Resources department regarding the discrimination and hostile work environment he was experiencing.

31. On January 28, 2023, in retaliation for filing the formal complaint, Plaintiff was placed on administrative leave pending an internal investigation.

32. The conditions of Plaintiff's employment became so intolerable that on February 28, 2023, Plaintiff was constructively discharged from his position.

**Damages Resulting from Defendant's Discrimination**

33. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer significant damages, including but not limited to:

    a.  Lost wages and benefits in the amount of $27,880,685.10;

    b.  Loss of retirement funds in the amount of $4,326,442.45;

**Page 3**

c. Medical expenses in the amount of $411,685.93;

d. Severe emotional distress, mental anguish, pain and suffering;

e. Damage to professional reputation and career prospects;

f. Filing for Chapter 7 Bankruptcy; and

g. Other financial and non-financial losses.

## CAUSES OF ACTION

### COUNT I

### Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

**Failure to Provide Reasonable Accommodations**

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. Plaintiff is a qualified individual with a disability within the meaning of the ADA, [42 U.S.C. § 12102].

36. Defendant was aware of Plaintiff's disability and the limitations it imposed.

37. Plaintiff requested reasonable accommodations in the form of a modified work schedule or leave time, which would have enabled him to perform the essential functions of his position.

38. Providing the requested accommodations would not have imposed an undue hardship on Defendant's business operations.

39. Defendant initially approved Plaintiff's requested accommodations, demonstrating that such accommodations were reasonable and did not impose an undue hardship.

40. Defendant subsequently revoked the approved accommodations without justification or explanation.

41. Defendant failed to engage in the interactive process required by the ADA to identify and implement effective reasonable accommodations.

42. Defendant failed to offer any alternative accommodations to Plaintiff.

43. By failing to provide reasonable accommodations for Plaintiff's disability, Defendant violated the ADA, [42 U.S.C. § 12112(b)(5)(A)].

44. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer significant damages as set forth above.

**COUNT II**

**Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**

**Disability Discrimination**

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

46. Plaintiff is a qualified individual with a disability within the meaning of the ADA, [42 U.S.C. § 12102].

47. Plaintiff was able to perform the essential functions of his position as a Private Client Banker with reasonable accommodations.

48. Defendant discriminated against Plaintiff on the basis of his disability by, among other things:

    a.    Revoking previously approved reasonable accommodations;

    b.    Subjecting Plaintiff to a hostile work environment;

    c.    Issuing negative disciplinary actions against Plaintiff after he requested accommodations;

    d.    Placing Plaintiff on administrative leave after he filed a formal complaint regarding disability discrimination;

    e.    Utilizing unfair and/or biased investigative procedures during internal investigative efforts brought forth by Defendant against Plaintiff after being placed on administrative leave; and

    f.    Constructively discharging Plaintiff from his employment.

49. Defendant's actions constitute discrimination on the basis of disability in violation of the ADA, [42 U.S.C. § 12112(a)].

50. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer significant damages as set forth above.

**COUNT III**

**Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**

**Retaliation**

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. Plaintiff engaged in protected activity under the ADA by:

    a.    Requesting reasonable accommodations for his disability;

    b.    Filing a formal complaint with Defendant's Human Resources department regarding disability discrimination; and

c. Opposing practices made unlawful by the ADA.

53. Defendant retaliated against Plaintiff for engaging in protected activity by, among other things:

   a. Revoking previously approved reasonable accommodations;

   b. Subjecting Plaintiff to a hostile work environment;

   c. Issuing disciplinary actions against Plaintiff;

   d. Placing Plaintiff on administrative leave after he filed a formal complaint; and

   e. Constructively discharging Plaintiff from his employment.

54. Defendant's actions constitute retaliation in violation of the ADA, [42 U.S.C. § 12203(a)].

55. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered and continues to suffer significant damages as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

a. A declaratory judgment that Defendant's actions, policies, and practices as alleged herein violated the ADA to also include formal apologies from the Defendant, as well as the Defendant's representatives involved in the acts outlined by Plaintiff. These individuals are Casey Kondel, Michelle Poulos, and Amanda Allie;

b. Back pay and front pay in amounts to be determined at trial;

c. Compensatory damages for emotional distress, mental anguish, pain and suffering, and other non-pecuniary losses in an amount to be determined at trial;

d. Punitive damages in the amount of $100,000,000.00 for Defendant's malicious and reckless disregard of Plaintiff's federally protected rights;

e. An order requiring Defendant to implement effective policies, procedures, and training regarding disability discrimination, reasonable accommodations, and retaliation;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs as allowed by law, including but not limited to those available under the ADA, [42 U.S.C. § 12205]; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: *April 10, 2025*

[MICHAEL R. WOLF]

[7231 ALTHORP WAY APT R3]

[NASHVILLE, TN 37211]

[810.893.0042]

[WOLFSKEY.COMEDY@GMAIL.COM]

**Page 7**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Michael R. Wolf

**DEFENDANTS**

JP Morgan Chase Bank N.A.

**(b)** County of Residence of First Listed Plaintiff   Davidson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

Ogletree Deakins
300 North Main St. Greenville, SC 29601

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent – Abbreviated New Drug Application | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* |
| ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | | | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 12112 to 12117

Brief description of cause:
Failure to accommodate, Discrimination, Retaliation, Harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$137,672,176.40

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   William C. Griesbach

DOCKET NUMBER   1:17-cv-00070-WCG

DATE
April 10, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____